IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00696-FDW
(3:92-cr-00238-FDW-1)

| | | |
|---|---|---|
| KAREEM ABDUL TOMLIN, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255(f)(3).

On May 27, 2016, Petitioner filed a motion for relief from his criminal judgment based on the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was void for vagueness and therefore unconstitutional.[1]

On June 13, 2016, the Federal Defender filed a § 2255 motion to vacate on behalf of Petitioner and therein raises an argument identical to Petitioner's pro se argument. The Government has been ordered to file a response to Petitioner's counseled § 2255 motion. (3:16-cv-00321-FDW). Because Petitioner is now represented by counsel, his pro se motion to vacate will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate his sentence is **DISMISSED WITHOUT PREJUDICE**. (Doc. No. 1).

---

[1] In Welch v. United States, the Supreme Court ruled that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

1

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: October 20, 2016

Frank D. Whitney
Chief United States District Judge